Shauck, C. J.
The trial of the case was unnecessarily prolonged and the record expanded by introducing the opinions of witnesses whose information did not exceed that of the jury. In other respects there appears to have intervened no error which substantially affected the recovery of compensatory damages, unless they exceeded the amount shown by the evidence. The instruction that oral permission beyond that given by the plaintiff in person, and admitted in his petition, would not avail the defendant, though indicating an incorrect view of the law, did not operate prejudicially in so far as a recovery of actual damages was had. The undisputed evidence shows that the tenant from whom such further permission was said to have been received was without authority to give it. A license, whether written or oral, if given by an unauthorized person, would not defeat a recovery by the owner of damages actually sustained.
*116 But the instructions given permitted the jury to award exemplary damages and the amount recovered suggests that damages of that character entered into the verdict. A consideration of the rules with respect to such damages is required by the fact that the instructions permitted their recovery, the record not showing affirmatively that they were not included in the verdict. Such damages being puhitive in their nature are an exception to the general rules that in private actions the injured party is to be made whole, and that acts deemed worthy of punishment are prosecuted by the state. With respect to the recovery oi damages of that character in private actions the different states have not adopted a uniform rule. The requisites to their recovery in this state were described in Simpson v. McCaffrey, 13 Ohio, 522: “The principle of permitting damages in certain cases, to go beyond naked compensation, is for example, and the punishment of the guilty party for the wicked, corrupt and malignant motive and design, which prompted him to the wrongful act. A trespass may be committed from a mistaken notion of power, and from an honest motive to accomplish some good end. But the layr tolerates no such abuse of power, nor excuses such act; yet, in morals, and the eye of the law, there is a vast difference between the criminality of a person acting mistakenly from a worthy motive, and one committing the same act from a wanton and malignant spirit, and with a corrupt and wicked design. Hence where a jury are called upon to give smart money, or damages beyond compensation, to punish the party guilty of the wrongful act, any evidence which would show this difference, or rather all the facts and circumstances which tend to explain or disclose the motives and design of thé party committing *117 the wrongful act, are evidence which should go to the jury for their due consideration.”/^That “a corporation may be subjected to exemplary or punitive damages for tortious acts of its agents or servants done within the scope of their employment, in all cases where natural persons, acting for themselves, if guilty of like tortious acts, would be liable for such damages,” was held in the Atlantic and Great Western Railway Company v. Dunn, 19 Ohio St., 162. Although the case was decided by a divided court, it es: tablished the law upon the subject for this state. But since in cases of this character the punishment may not fall upon the actual wrongdoer, they present reasons why great care should be taken that such damages are not imposed unless all the conditions for their recovery are present. To show that they were not present in this case an oral license from an unauthorized tenant in charge of the farm, if acted upon in good faith, as well as the instructions of the company to its servants, if given in good faith, were available. While the evidence offered by the plaintiff below tended to establish all that is necessary to a recovery of full compensation, there is little evidence of such motive as would justify a recovery of punitive damages. The court should have admitted all the evidence offered to show the absence of such motive, or it should have instructed the jury that only compensation should be awarded. j;

Judgments reversed.

Minshall, Williams, Burket, Spear and Davis, JJ., concur.